UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUTOBAR SYSTEMS OF N.J., d/b/a TOTAL LIQUOR CONTROLS, <br><br> Plaintiff, <br><br> v. <br><br> BERG LIQUOR SYSTEMS, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 23-3790 (MAS) (JBD) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on an Order to Show Cause for a Preliminary Injunction (the "OTSC") filed by Plaintiff Autobar Systems of N.J., d/b/a Total Liquor Controls ("Total Liquor"). (ECF No. 1-2.) The Court set a schedule for additional briefing in a text order consistent with the schedule set by the state court before the matter was removed. (ECF No. 5.) Defendant Berg Liquor Systems, LLC ("Berg Liquor") opposed (ECF No. 9), and Total Liquor replied (ECF No. 10). The Court now rules on the Motion.

Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). In deciding to issue temporary restraints or a preliminary injunction, the Court must weigh four factors:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994).

Plaintiff bears the burden of showing that the factors weigh in favor of granting the injunction. *Kos Pharms. Inc.*, 369 F.3d at 708. "While all four factors are important, failure to show either likelihood of success on the merits or irreparable harm 'must necessarily result in denial of a preliminary injunction.'" *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 707 F. Supp. 2d 520, 542 (D.N.J. 2010) (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)).

"The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000*); see Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102-03 (3d Cir. 1988). This burden is a difficult one to meet because economic loss "does not constitute irreparable harm." *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994). "Irreparable connotes that which cannot be repaired, retrieved, put down again, atoned for." *Id.* Moreover, the harm must also be immediate. *See Quad/Tech, Inc. v. Q.I. Press Controls B.V.*, 701 F. Supp. 2d 644, 655 (E.D. Pa. 2010) ("In order to make this showing [of irreparable harm], the movant must clearly show 'immediate irreparable harm,' rather than a risk of harm.") (quoting *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 92 (3d Cir. 1992)).

Total Liquor seeks the OTSC to enjoin Berg Liquor from terminating the Dealership Agreement between it and Berg Liquor. (OTSC 2, ECF No. 1-2.) Total Liquor argues that it is a franchise and entitled to the protections of the New Jersey Franchise Practices Act, N.J. Stat. Ann. 56:10-1, *et seq.* ("NJFPA"), and that termination of the Dealership Agreement would violate its rights. (*See generally* Pl.'s Moving Br., ECF No. 1-2.) Here, the Court finds that Total Liquor did not meet its burden of demonstrating irreparable harm.

In the context of the NJFPA, the Third Circuit has found that the loss of sales, customers, and profits only rises to the level of irreparable harm where a business is forced to shut down, and even in that instance, "th[e] threshold is a significant one." *Golden Fortune Imp. & Exp. Corp. v. Mei-Xin, Ltd.*, Nos. 22-1710 and 22-1885, 2022 WL 3536494, at *6 (3d Cir. Aug. 5, 2022). For instance, the Third Circuit reversed the district court's finding of irreparable harm where a company stood to lose 80% of its profits from a termination of a business agreement. *See id.* (citing *Instant Air Freight Co. v. C.F. Air Freight Inc.*, 882 F.2d 797, 802 (3d Cir. 1989)). The Third Circuit reasoned that because 20% of the business survived, the company would not be forced into bankruptcy and, furthermore, the company was free to seek other business. (*Id.*) This is true even when a company will have to terminate its employees. *Instant Air Freight*, 882 F.2d at 801 (finding no irreparable harm even where seventy employees faced termination). The fact that a company has spent decades building a business is insufficient to overcome this high threshold. *Id.*

In reaching this conclusion, the Third Circuit relied on three factors: (1) money damages were provable with reasonable certainty; (2) money damages were a suitable substitute performance; and (3) money damages were collectable. *Golden Fortune*, 2022 WL 3536494, at *6 (citing *Instant Air Freight*, 882 F.2d at 802). Money damages are provable within a reasonable certainty where there is a two-decade long history between the two companies. *Id.* at *7. Money damages are sufficient substitute performance where they compensate a business for lost profits and other injuries, and money damages are collectable where a business is generally successful. (*Id.*)

Total Liquor does not meet this high burden. Total Liquor argues that the primary products it has "marketed, sold[,] and installed over the past 45 years" have been from Berg Liquor and that these products represent 85% of its revenue. (Pl.'s Moving Br. 24-25.) Total Liquor contends that

3

if Berg Liquor is permitted to terminate their Dealership Agreement, Total Liquor will be "forced to terminate . . . four employees" and Total Liquor will be destroyed. (*Id.* at 25; *see also* Dealership Agreement *27-37, ECF No 1-1).[1] This is simply not enough to meet the high standard of irreparable harm. Total Liquor has not demonstrated that it will be forced to shut down its business. Total Liquor still has 15% of its revenue coming from products outside of Berg Liquor. (*See* Pl.'s Moving Br. 24-25.) And while Total Liquor contends that it is precluded from selling any products that Berg Liquor directly competes with, Total Liquor can still market to other customers, and, in the absence of the Dealership Agreement, Total Liquor may pursue any and all potential customers. (*Id.*; *see generally* Dealership Agreement.) This conclusion remains true despite considering whether Total Liquor will need to terminate any employees and the length of time it has been marketing and selling the Berg Liquor products. *See Instant Air Freight*, 882 F.2d at 801.

      The amount of money damages here is also reasonably ascertainable. Total Liquor has provided financial statements going back decades. (*See* Compl., Ex. E, ECF No. 1-1.) These statements allow the Court to reasonably ascertain any lost profits that amount to money damages. *See Golden Fortune*, 2022 WL 3536494, at *6 (citing *Instant Air Freight*, 882 F.2d at 802). The money damages will also suffice as a suitable substitute performance as they will cover both lost profits and other injuries. *Id.* The Court is also able to reasonably conclude that Total Liquor will be able to recover any potential money damages as Berg Liquor presumably would not terminate

---

[1] Page numbers preceded by an asterisk reflect page numbers atop the ECF header.

a Dealership Agreement if it would result in significant business disruption.[2] These factors cut against a finding of irreparable harm. *See Bakery Drivers & Salesman Loc. 194, IBT v. Harrison Baking Grp.*, 869 F. Supp. 1168, 1178-79 (D.N.J. 1994) (explaining the "strict line on what constitutes irreparable injury" related to franchises and collecting cases).

Because Total Liquor did not meet its burden of proving irreparable harm, the Court need not run through the other factors. Total Liquor's OTSC for a Preliminary Injunction is denied for failure to demonstrate the requisite irreparable harm.

For these reasons, and other good cause shown,

**IT IS THEREFORE,** on this 16th day of August 2023 **ORDERED** as follows:

1. Total Liquor's Order to Show Cause for a Preliminary Injunction (ECF No. 1-2) is **DENIED**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court recognizes that "loss of control of reputation, loss of trade, and loss of goodwill" may also constitute irreparable harm in some instances. *Golden Fortune*, 2022 WL 3536494, at *6 (citing *Pappan Enters. Inc. v. Hardee's Food Sys. Inc.*, 143 F.3d 800, 805 (3d Cir. 1998). To the extent Total Liquor alleges these types of harms, however, the Third Circuit requires it to demonstrate that its business "is different from other types of commerce in such a way that normal breach of contract remedies could not provide a remedy." *Id.* (quoting *Bennington Foods LLC v. St. Croix Renaissance Grp.*, 528 F.3d 176, 179 (3d Cir. 2008)). In cases like this, where the alleged harm stems from termination of a business agreement, the Third Circuit also requires evidence that the moving party "has not been able to perform on contracts with third parties because of the loss." *Golden Fortune*, 2022 WL 3536494, at *7 (citing *Bennington Foods*, 528 F.3d at 179). The harm must be direct. *Id.*