**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUTOBAR SYSTEMS OF N.J., d/b/a TOTAL LIQUOR CONTROLS, <br><br> Plaintiff, <br><br> v. <br><br> BERG LIQUOR SYSTEMS, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 23-3790 (MAS) (JBD) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon two motions. First is Defendant Berg Liquor Systems, LLC's ("Berg") Motion to Dismiss Plaintiff Autobar Systems of N.J., d/b/a Total Liquor Controls' ("Total Liquor") Complaint pursuant to Federal Rule of Civil Procedure[1] 12(b)(6). (*See* ECF No. 11.) Total Liquor opposed the motion (ECF No. 16) and Berg replied (ECF No. 17). Second is Total Liquor's Motion for a Stay of this Court's Memorandum Order dated August 16, 2023 (the "Memorandum Order") until the Third Circuit renders a decision on its appeal of the same. (ECF No. 15.) Berg opposed the motion to stay (ECF No. 34), but Total Liquor did not reply. The Court has carefully considered the parties' submissions and decides both motions without oral argument under Local Civil Rule 78.1. For the foregoing reasons, Berg's Motion to Dismiss and Total Liquor's Motion to Stay are denied.

---

[1] Unless otherwise noted, all references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

I.    **BACKGROUND**

This matter arises from Total Liquor's allegations that Berg violated the New Jersey Franchise Practices Act ("NJFPA") when Berg unexpectedly terminated the parties' Dealership Agreement in February 2023. (Compl. ¶ 30, ECF No. 1-1.) Total Liquor was a dealer for Berg for approximately forty-five years and generated approximately 85% of its revenue from selling Berg's products.[2] (*Id.* ¶¶ 7, 69.)

On February 26, 2003, Total Liquor and Berg's predecessor, Berg Company LLC, formalized the terms of their business relationship through the Dealership Agreement. (*Id.* ¶ 8; *see also id.*, Ex. A.) The Dealership Agreement appointed Total Liquor as a "non-exclusive dealer of Berg['s] products" in specified geographic territories, including parts of New Jersey and New York. (*Id.* ¶ 10.) Berg acquired Berg Company LLC nearly twenty years later, in or around May 2022, which included an assignment of the Dealership Agreement to Berg. (*Id.* ¶ 9.)

In February 2023, Berg issued correspondence to Total Liquor indicating that it would be terminating the Dealership Agreement. (*Id.* ¶ 30.) Total Liquor responded to Berg's termination notice on multiple occasions demanding that the termination be rescinded and contesting that Berg's decision violated the NJFPA. (*Id.* ¶¶ 32-36, 62-65.) Berg countered that it had good cause to terminate Total Liquor for its "fail[ure] to meet quota requirements for sales for more than five years" and asserted that Total Liquor improperly worked "with competitors to bid on projects that Berg was seeking." (*Id.* ¶ 38; *see also id.*, Ex. D.) In other words, Berg stood firm and rejected Total Liquor's requests to rescind its termination decision.

---

[2] Berg "manufactures and sells equipment to control the flow of liquor, beer, wine, and other beverages, principally for the bar industry." (*See* Decl. of Steve Barton ["Barton Decl."] in Supp. of Def.'s Opp'n to Pl.'s Order to Show Cause ¶ 7, ECF No. 9-13.)

This litigation ensued shortly thereafter. Total Liquor filed a four-count Complaint in the Superior Court of New Jersey, Chancery Division (the "State Court"). (*See generally* Compl.) Total Liquor's Complaint lodged claims for violations of the NJFPA (Count One), breach of contract (Count Two), breach of the covenant of good faith and fair dealing (Count Three), and declaratory judgment (Count Four). (*Id.* at 14-23.) Alongside Total Liquor's Complaint was a proposed Order to Show Cause for a Preliminary Injunction and Temporary Restraints ("OTSC") to enjoin Berg from terminating Total Liquor as a dealer of its products. (*See* OTSC, ECF No. 1-2.) The State Court entered a temporary restraining order ("TRO") only "*pending the return date*" of the OTSC, August 4, 2023. (OTSC Order, ECF No. 1-3 (emphasis added).)

Prior to the applicable return date of the OTSC, Berg removed the case to this Court. (Notice of Removal, ECF No. 1.) As such, this Court set a briefing schedule on the merits of the OTSC. (*See* July 19, 2023 Text Order, ECF No. 5.) By way of the Memorandum Order, this Court denied Total Liquor's request for a preliminary injunction as Total Liquor did not meet its burden in showing irreparable harm. (*See generally* Mem. Order, ECF No. 12.) As described in further detail below, this Court found that the monetary damages sought by Total Liquor were "readily ascertainable" and therefore the irreparable harm element for a preliminary injunction had not been met. (*Id.* at 4.) Total Liquor appealed the Memorandum Order, which is currently pending before the Third Circuit. (*See* Notice of Appeal, ECF No. 14; *see also* COA Docket No. 23-2541.)

Now pending before the Court are two motions. First, Berg brings a Motion to Dismiss Total Liquor's Complaint under Rule 12(b)(6). (Pl.'s Mot. Dismiss, ECF No. 11-2.) In moving to dismiss, Berg argues that: (1) Total Liquor's NJFPA claim fails as Total Liquor does not operate a place of business in New Jersey; (2) Total Liquor's claims for breach of contract and breach of the covenant of good faith and fair dealing fail because Berg did not violate the terms of the

Dealership Agreement; and (3) Total Liquor is not entitled to declaratory relief. (*Id.* at 6-12.)[3] Total Liquor opposed the motion (ECF No. 16), and Berg replied (ECF No. 17).

Second, shortly after filing its appeal, Total Liquor filed a Motion to Stay the Memorandum Order. (*See* Pl.'s Mot. to Stay, ECF No. 15-1.) Total Liquor represents that the Memorandum Order "dissolved the [TRO] issued by the Superior Court of New Jersey, Monmouth County" and cites to 28 U.S.C. § 1450 for the proposition that "all injunctions [in effect] prior to [a case's] removal shall remain in full force and effect until dissolved or modified by the district court." (*Id.* at 1.) Total Liquor asserts that this Court should "reinstate[] . . . the temporary restraints issued by the State Court"[4] to maintain the status quo while its appeal is pending before the Third Circuit. (*Id.*) Berg opposed the motion. (Def.'s Opp'n Br. to Mot. Stay, ECF No. 34.) Total Liquor did not submit a reply.

## II.  DISCUSSION

### A.  Stay Pending Appeal

The Court turns first to Total Liquor's Motion for a Stay of the Memorandum Order. In essence, Total Liquor requests that this Court change course and reverse the findings set forth in the Memorandum Order. (*See* Pl.'s Mot. to Stay); *see also* Fed. R. Civ. P. 62(c) (noting that a court may "suspend, modify, restore, or grant an injunction during the pendency of [an] appeal."). For the reasons that follow, the Court will deny Total Liquor's motion for injunctive relief during the pendency of its appeal.

---

[3] Despite Total Liquor's appeal to the Third Circuit on August 23, 2023 (*see* Notice of Appeal), the parties continued to fully brief the merits of the Motion to Dismiss.

[4] This position is somewhat perplexing as the State Court did not render a decision on the merits of the OTSC. Rather, the State Court *only* imposed a brief TRO until the return date of August 4, 2023. (*See* OTSC Order.) The Court will therefore construe Total Liquor's request as one to *modify* the Memorandum Order and for this Court to issue a TRO until the Third Circuit reaches a decision on appeal.

4

It is well established that "the standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction." *Conestoga Wood Specialities Corp. v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Preliminary injunctive relief is warranted where a party demonstrates: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Consequently, the same "four factors" that this Court previously analyzed in considering Total Liquor's OTSC are at issue here.

A stay pending appeal, like a preliminary injunction motion, is "rarely granted, because . . . the bar is set particularly high." *Conestoga Wood*, 2013 WL 1277419, at *1. Indeed, a movant's "failure to establish any element in its favor renders a [stay] inappropriate." *Id.* (quoting *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999)). Notably, if a party moves for a stay pending appeal of a decision concerning a preliminary injunction, and merely re-raises the same arguments the court already considered in issuing or denying the underlying preliminary injunction, the court will often re-incorporate its earlier reasoning to deny the stay pending appeal. *See, e.g.*, *Nat'l Shooting Sports Found. v. Platkin*, No. 22-6646, 2023 WL 2344635, at *1 (D.N.J. Mar. 3, 2023) (denying a defendant's motion for a stay as doing so would "arguably be tantamount to a reconsideration and reversal of the Court's [prior] decision."); *Robinson v. Murphy*, No. 20-5420, 2020 WL 13891018, at *2 (D.N.J. Oct. 28, 2020) (denying a motion to stay pending appeal and incorporating the same reasons set out in the court's prior opinions and order "as the facts before it remain largely the same at this juncture."); *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, No. 00-5361, 2001 WL 493266, at *1 (D.N.J. Jan. 17,

5

2001) ("[Defendant] offers no new circumstances to support its application for a stay pending appeal. Therefore, granting [Defendant's] motion for stay would effectively be a reconsideration and reversal of the Court's [earlier] decision."); *Eli Lilly & Co. v. Arla Foods Inc.*, No. 17-703, 2017 WL 2976697, at *3 (E.D. Wis. July 11, 2017) (noting where the court "granted in part [the plaintiff's] motion for a preliminary injunction after already considering many of the same arguments [the plaintiff] now asserts . . . [r]ather than address those issues in detail, [the court] will incorporate [the] conclusions set forth during the preliminary injunction hearing and in [its] decision on the motion for a preliminary injunction").

For the same reasons expressed in its Memorandum Order, which are fully incorporated herein, the Court concludes that Total Liquor has not demonstrated that a stay pending appeal is warranted. Specifically, Total Liquor does not raise any new facts or law suggesting its appeal is likely to succeed on the merits.[5] (*See, e.g.*, Pl.'s Reply in Supp. of Prelim. Injunctive Relief 17-19, ECF No. 10.) A review of Total Liquor's Motion for a Stay reveals that its purpose is to re-hash

---

[5] More specifically, Total Liquor's motion in favor of injunctive relief during its appeal refers largely to the allegations in the Complaint to reiterate that: (1) Total Liquor was a dealer of Berg Products for approximately forty-five years; (2) Total Liquor "will lose its investment of over hundreds of thousands of dollars over the past 45 years if Berg is permitted to arbitrarily terminate the [Dealership] Agreement without cause"; (3) nearly 85% of Total Liquor's revenues are derived from the sale of the Berg Products and if it loses Berg Products, Total Liquor "will have essentially no other product to sell, and its business will be destroyed"; (4) Total Liquor's employees will lose their jobs if Berg is allowed to terminate the Dealership Agreement; (5) Berg will reap the benefits of Total Liquor's geographic territories and "of [Total Liquor's] marketing and development of the Berg name over the past 45 years"; and (6) the termination of the franchise, coupled with the non-compete provisions in the Dealership Agreement, would "put Total Liquor out of business completely" and prevent Total Liquor from earning a living. (Pl.'s Mot. to Stay 12-17.)

arguments that have already been thoroughly deliberated in this Court's Memorandum Order.[6] (*See generally* Pl.'s Mot. to Stay.) The Court declines to re-tread the same ground a second time.

A motion for stay pending appeal is not a second bite at the preliminary injunction apple. Courts have analogized a motion to stay with the standards governing a motion for reconsideration: that is, "a motion to stay should not be used to relitigate matters, submit new evidence, or 'raise arguments which could, and should, have been made before the judgment issued.'" *Int'l Brotherhood of Teamsters, Loc. 211 v. PG Publ'g Co.*, 19-1472, 2019 WL 9101872, at *2 (W.D. Pa. Dec. 27, 2019) (quoting *O'Donnell v. Harris County*, 260 F. Supp. 3d 810, 815 (S.D. Tex. 2017)).

By reiterating and largely referencing the allegations in the Complaint, Total Liquor argues that this Court erred in failing to find irreparable harm and that, in effect, without injunctive relief, its business would be destroyed. (Pl.'s Mot. to Stay 12-17; *see also supra*, note 5.) Indeed, this Court had full access to the Complaint's allegations and carefully analyzed them to render its decision in the Memorandum Order. Furthermore, Total Liquor appears to use this opportunity to provide new legal arguments that were not included in its original application. (*See* Pl.'s Mot. to Stay 19-25.) Any requests based on additional legal arguments that were not initially raised during the briefing on the motion for a preliminary injunction, but could have been, are similarly denied. (*See id.*); *See also PG Publ'g Co.*, 2019 WL 9101872, at *2 (denying a party's attempts to "raise[] new arguments, different case law, and newly offered evidence in support of its motion for a

---

[6] In its initial application for injunctive relief, Total Liquor made the same arguments that the irreparable harm element for a preliminary injunction was met case because: (1) Total Liquor's business "would be destroyed" if Berg's termination was upheld (*id.* at 18); (2) Total Liquor put "all of its eggs in one basket, as 85% of its income" came from Berg and thereby lacked other business opportunities available to it (*id.*); and (3) Berg would face difficulty finding new clients considering a non-compete provision in the Dealership Agreement. (*id.*).

stay."). For these reasons, the Court concludes that Total Liquor has not shouldered its heavy burden of establishing that injunctive relief is warranted during the period prior to the Third Circuit's review of this Court's Memorandum Order.[7] Total Liquor's Motion to Stay is therefore denied.

### B. Motion to Dismiss

The Court turns briefly to Berg's Motion to Dismiss the Complaint under Rule 12(b)(6) (*See* Def.'s Mot. Dismiss.) Berg moves to dismiss each count in the Complaint for failure to state a claim upon which relief can be granted. (*See generally id.*) The Court, however, will stay a decision on the merits of the Motion to Dismiss until the Third Circuit renders its decision as to Total Liquor's request for a preliminary injunction.

It is well settled that this Court may stay proceedings under appropriate circumstances to control the disposition of the cases on its docket and to advance the interests of economy and effort for itself, counsel, and the litigants. *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Court, in exercising its discretion as to whether to impose a stay, may consider: "(1) whether a stay will cause undue prejudice to a nonmovant; (2) the status of discovery; and (3) whether a stay will simplify the litigation and promote judicial economy." *Richmond v. Ningbo Hangshun Elec. Co.*, No. 13-1944, 2015 U.S. Dist. LEXIS 125658, at *10 (D.N.J. Sept. 21, 2015) (citing *Cheyney State*

---

[7] After Total Liquor's Motion to Stay was fully briefed, Total Liquor submitted a supplemental declaration from Total Liquor's President, Albert Dorsey. (*See* Decl. of Albert Dorsey, ECF No. 29.) The Dorsey Declaration submits that: (1) Berg prevented Total Liquor from engaging in repair, service, and warranty work under the Dealership Agreement; (2) Total Liquor has breached Section 15 of the Dealership Agreement by denying to fulfill outstanding customer orders; (3) Berg refused warranties of its equipment; and (4) Berg declined Total Liquor's attempts to become a "sub-dealer" of Berg's products. (*See generally id.*) These claims, however, do not move the needle in favor of a preliminary injunction pending appeal. To the contrary, Total Liquor's supplemental declaration reinforces this Court's notion that the claims and damages presented here are monetary and reasonably ascertainable. (*See* Mem. Order 4.)

*Coll. Fac. v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983)). As in this case, a stay is also appropriate where the outcome of a plaintiff's appeal to the Third Circuit would affect the determination of a pending motion "requiring forbearance on this [c]ourt's part to avoid inconsistent rulings" in the same litigation. *Lewis v. Diaz-Petti*, No. 22-3424, 2023 WL 3508327, at *2 (D.N.J May 23, 2023) (quoting *MasTec Renewables Constr. Co. v. Mercer Cnty. Improvement Auth.*, No. 15-1897, 2017 WL 6493141, at *5 (D.N.J. Dec. 19, 2017)). In other words, a district court may exercise its sound discretion to hold one lawsuit in abeyance to abide by the outcome of an appeal that may substantially affect the lawsuit or which may be dispositive of the issues. *Id.* (citing *MasTec Renewables Constr. Co.*, No. 15-1897, 2017 WL 6493141, at *5 (D.N.J. Dec. 19, 2017)); *see also Bechtel Corp.*, 544 F.2d at 1215.

Here, the Court will stay a decision on the merits of Berg's Motion to Dismiss until the Third Circuit renders a decision on appeal.[8] As to the first two factors to be considered, namely, whether a stay will cause undue prejudice to the movant and the status of the litigation, this case is in its infancy, and no discovery has been completed. *See, e.g., Lewis*, 2023 WL 3508327, at *2. The third factor, judicial economy, similarly favors a stay insofar as critical issues on appeal overlap with Berg's motion. In other words, the Third Circuit's ruling may provide important guidance on the legal issues in this case; specifically, whether Total Liquor has shown a likelihood

---

[8] A stay of proceedings pending the outcome of an appeal can be raised by this Court sua sponte. *MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) (citing *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, No. 98-6056, slip op. at 6 (S.D. Fl. Mar. 28, 2007), *appeal denied*, 559 F.3d 1191 (11th Cir. 2009) (finding no jurisdiction to hear appeal but noting that district court's sua sponte stay was for an "excellent" reason where a stay was entered pending appeal in a related federal case).

of success on the merits[9] of the claims asserted in the Complaint. This Court's ruling on Berg's motion to dismiss during the appeal could thereby result in inconsistent adjudications. *Id.* (declining to reach the merits of pending motions during an appeal to the Third Circuit where forbearance "by [the] [c]ourt may avoid inconsistent rulings and piecemeal litigation."). In sum, the Court finds that a stay pending appeal of this matter would simplify this litigation, promote judicial economy, and avoid interfering with the orderly administration of Total Liquor's appeal. *See id.*

---

[9] To establish a likelihood of success on the merits, the moving party is evidently subject to a higher standard than that which must be shown under Rule 12(b)(6). To defeat a motion under Rule 12(b)(6), a litigant must state a "plausible claim" for relief. *E.g., Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Whereas, to demonstrate a likelihood of success on the merits, a movant must "'demonstrate that it *can* win on the merits,' which involves a showing that its chances of establishing each of the elements of the claim are 'significantly better than negligible.'" *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021) (*Reilly v. City of Harrisburg*, 858 F.3d 173, 179 n.3 (3d Cir. 2017)). *Cf. Shirley May Int'l US Inc. v. Marina Grp. LLC.*, No. 21-19951, 2022 WL 17622066, at *4 n.3 (D.N.J. Dec. 13, 2022) ("[T]he standard [p]laintiffs must meet to establish a likelihood of success on the merits to warrant the imposition of a preliminary injunction is higher than the burden placed upon [p]laintiffs to overcome [d]efendants' 12(c) Motion."); *Paoli v. Delaware*, No. 06-462, 2008 WL 11515292, at *1 n.2 (D. Del. Jan. 25, 2008) ("Unlike a motion for judgment on the pleadings where . . . the court cannot consider materials outside of the pleadings, when the court decides a motion for a preliminary injunction, the plaintiff must produce evidence sufficient to demonstrate that preliminary relief is warranted. In other words, the plaintiff must meet a higher burden to succeed on a motion for preliminary injunction than to defeat a motion for judgment on the pleadings."). As such, the Third Circuit's determinations on appeal with respect to Total Liquor's likelihood of success on the merits of its claims could greatly impact the outcome of Berg's Motion to Dismiss.

### III. ORDER

**IT IS THEREFORE,** on this 4th day of March, 2024, **ORDERED** as follows:

1. Berg's Motion to Dismiss (ECF No. 11) is **DENIED** without prejudice.

2. Total Liquor's Motion to Stay the Memorandum Order (ECF No. 15) pending the outcome of its appeal is **DENIED**.

3. This matter is **STAYED** and the Clerk shall administratively terminate the case pending the Third Circuit's disposition on Total Liquor's appeal. (COA Docket No. 23-2541.)

4. The parties shall file a notice with the Court within thirty (30) days of the Third Circuit's disposition on appeal.

5. The Clerk of Court shall reopen this matter upon receipt of the parties' notice, and, if warranted, Berg's Motion to Dismiss may be re-listed at that time.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**